UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X   Case No.
ROLAND SMITH,

                Plaintiff,                        **COMPLAINT**

    - against -

                                              PLAINTIFF DEMANDS
ARROGANT SWINE BROOKLYN LLC, ARROGANT     A TRIAL BY JURY
SWINE LLC, and TAI KEE HO,

                Defendants.
-------------------------------------------------------------------------X

    Plaintiff, ROLAND SMITH, by and through his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendants, upon information and belief, as follows:

### NATURE OF THE CASE

1. Plaintiff brings this action against Defendants pursuant to the <u>Fair Labor Standards Act</u>, 29 U.S.C. § 201 *et seq.* ("FLSA") and the <u>New York State Labor Law</u>, Articles 6 & 19 ("NYLL") for **<u>failure to pay overtime</u>** and for **<u>taking unlawful deductions</u>**, and seeks to recover unpaid back wages, an additional amount as liquidated damages, and reasonable attorneys' fees and costs.

2. Plaintiff also complains pursuant to the <u>Wage Theft Prevention Act</u>, New York Labor Law § 195 *et seq.* and seeks to redress the damages he has suffered as a result of Defendants' **<u>failure to give him written notice of wage rates</u>**, including, inter alia, his overtime rate of pay.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court is proper under § 216(b) of the FLSA (29 U.S.C. § 216 (b)), §§ 1331 and 1343.

4. The Court has supplemental jurisdiction over the plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

6. At all times relevant, Plaintiff ROLAND SMITH ("Plaintiff") was and is a resident of the State of New York and the County of Kings.

7. At all times relevant, Defendant ARROGANT SWINE BROOKLYN LLC ("A.S. BROOKLYN") was and is a domestic limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 173 Morgan Avenue, Brooklyn, New York, 11206.

8. At all times relevant, Defendant ARROGANT SWINE LLC ("ARROGANT SWINE") was and is a domestic limited liability company, duly existing pursuant to, and by virtue of, the laws of the State of New York, with its principal place of business located at 173 Morgan Avenue, Brooklyn, New York, 11206.

9. At all times relevant, Defendants A.S. BROOKLYN and ARROGANT SWINE own, operate, and/or maintain a barbecue restaurant named "Arrogant Swine" located at 173 Morgan Avenue, Brooklyn, New York, 11206 (hereinafter "the restaurant").

10. At all times relevant, Defendant TAI KEE HO ("HO") was and is an owner of Defendants A.S. BROOKLYN and ARROGANT SWINE, and holds the position of "manager" of the restaurant. Defendant HO goes by the first name "Tyson."

11. Defendants A.S. BROOKLYN, ARROGANT SWINE, and HO shall be herein referred to collectively as "Defendants."

2

12. At all times relevant, Plaintiff was an employee of Defendants and worked at the restaurant.

13. At all times relevant, Defendants had the power to, and were responsible for, determining the wages to be paid to Plaintiff. Further, Defendants had the power to, and did in fact, establish the terms and conditions of Plaintiff's employment, including Plaintiff's schedule and rate of pay (most notably, Defendant HO).

14. The FLSA defines "employer" to include any person acting directly or indirectly in the interest of an employer in relation to an employee and an employee is anyone who is suffered or permitted to work. As a result, including as further described below, Defendants are each individually, and collectively, liable as an "employer" under the FLSA.

15. Defendants A.S. BROOKLYN and ARROGANT SWINE were, at all times during Plaintiff's employment, joint employers. At all times relevant, Plaintiff's employment with Defendant A.S. BROOKLYN was not completely disassociated from his employment with Defendant ARROGANT SWINE, and all of his work for these two companies during the workweek should be considered as one employment for purposes of the FLSA and NYLL. Accordingly, all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act, including the overtime provisions, with respect to the entire employment for the particular workweek. See 29 C.F.R. § 791.2.

16. Upon information and belief, Defendants A.S. BROOKLYN and ARROGANT SWINE, individually and together, grossed more than $500,000.00 in the past fiscal year, and further, during Plaintiff's employment with Defendants, he routinely engaged in activities

which facilitated or related to interstate or foreign commerce while on the job.

17. Notably, Plaintiff helped cook and prepare food which was imported from outside the State of New York, which was thereafter purchased by patrons of the restaurant for consumption.

## MATERIAL FACTS

18. On or about October 8, 2014, Plaintiff became employed by Defendants as a "pitmaster" at the restaurant, earning $600.00 per week in weekly salary. Plaintiff worked for Defendants from October 8, 2014 to March 9, 2016 ("the period of employment"). Defendants did not maintain any clock-in/clock-out mechanism and/or any method for recording Plaintiff's hours worked at any point during Plaintiff's period of employment with Defendants.

19. Throughout Plaintiff's period of employment, Defendants failed to pay Plaintiff wages owed for hours worked beyond forty (40) each week as required under the FLSA and NYLL. **Specifically, Defendants paid Plaintiff for each hour worked up to forty (40) each week. Notably, however, Defendants failed to pay Plaintiff any wages for hours worked beyond forty (40) each and every week, as well as at a rate of time-and-one-half for all hours worked beyond forty (40) each week.**

20. Significantly, Plaintiff was employed as a pitmaster for Defendants at the restaurant. His primary job tasks and responsibilities included "smoking" the meat which was later available for purchase by customers at the restaurant. This process was particularly time intensive as smoking meat is, to a large extent, a process of slow-cooking. Thus, in order for the meat to be freshly smoked for the dinner crowd when the restaurant opened at 4:00 PM, he was scheduled to (and in fact did) work through the night.

4

21. From approximately October 8, 2014 to approximately July 8, 2015, which is a period of approximately 39 weeks ("the 39-week period"), Plaintiff worked for Defendants from 11:00 PM to 1:00 PM (14 hours per day) six days per week (Tuesday off), for a total of eighty-four (84) hours worked per week. This schedule lasted until around the beginning of January 2015. Around that time, Plaintiff's schedule changed, albeit slightly, and his day off was Monday (instead of Tuesday). Nevertheless, he still worked the same number of hours each week. During the 39-week period, Plaintiff's salary was $600.00 for forty (40) hours of work per week, and he was thus paid at a salary rate of $15.00 per hour ($600.00/wk. ÷ 40 hrs. = $15.00/hr.).

22. During the 39-week period, Plaintiff worked forty-four (44) hours of overtime each week, yet was not paid at a rate of time-and-one-half for each hour worked over forty (40). In fact, Plaintiff was paid nothing for each and every hour worked over forty (40) each week. Thus, he is owed time-and-one-half for each hour worked over forty (40) each week during the 39-week period.

23. Accordingly, Plaintiff is owed $22.50 per hour ($15.00 x 1.5) for each hour worked over forty (40) each and every week during the 39-week period ($22.50/hr. x 44 hrs./wk. x 39 wks. = $38,610.00).

24. **Thus, Plaintiff is owed $38,610.00 in unpaid wages for work performed during the 39-week period.**

25. On or about July 8, 2015, Plaintiff received a raise and began earning $865.38 per week in weekly salary. Plaintiff maintained the same schedule. From approximately July 8, 2015 to approximately October 27, 2015, which is a period of approximately 16 weeks ("the 16-week period"), Plaintiff worked for Defendants from 11:00 PM to 1:00 PM (14

5

hours per day) six days per week (Monday off), for a total of eighty-four (84) hours worked per week. During the 16-week period, Plaintiff's salary was $865.38 for forty (40) hours of work per week, and was thus paid at a salary rate of $21.6345 per hour ($865.38/wk. ÷ 40 hrs. = $21.6345/hr.).

26. During the 16-week period, Plaintiff worked forty-four (44) hours of overtime each week, yet was not paid at a rate of time-and-one-half for each hour worked over forty (40). In fact, Plaintiff was paid nothing for each and every hour worked over forty (40) each week. Thus, he is owed time-and-one-half for each hour worked over forty (40) each week during the 16-week period.

27. Accordingly, Plaintiff is owed $32.45175 per hour ($21.6345 x 1.5) for each hour worked over forty (40) each and every week during the 16-week period ($32.45175/hr. x 44 hrs./wk. x 16 wks. = $22,846.03).

28. **Thus, Plaintiff is owed $22,846.03 in unpaid wages for work performed during the 16-week period.**

29. On or about October 27, 2015, Plaintiff's schedule changed. Specifically, Plaintiff began arriving to work around 2:30 AM/ 3:00 AM and left around 2:30 PM/ 3:00 PM each and every day (except Monday as this remained his day off), with the exception of Wednesdays, when he finished work at approximately 1:00 PM. Accordingly, beginning October 27, 2015, Plaintiff worked seventy (70) hours each and every week ([12 hrs./ day x 5 days/wk. = 60 hrs.] + [10 hrs./day x 1 day/wk. = 10 hrs.] = 70 hrs./wk.) From approximately October 27, 2015 to March 9, 2016, which is a period of approximately 19 weeks ("the 19-week period"), Plaintiff maintained this schedule. During the 19-week period, Plaintiff's salary remained at $865.38 for forty (40) hours of work per week, and

6

he was thus paid at a salary rate of $21.6345 per hour ($865.38/wk. ÷ 40 hrs. = $21.6345/hr.).

30. During the 19-week period, Plaintiff worked thirty (30) hours of overtime each week, yet was not paid at a rate of time-and-one-half for each hour worked over forty (40). In fact, Plaintiff was paid nothing for each and every hour worked over forty (40) each week. Thus, he is owed time-and-one-half for each hour worked over forty (40) each week during the 19-week period.

31. Accordingly, Plaintiff is owed $32.45175 per hour ($21.6345 x 1.5) for each hour worked over forty (40) each and every week during the 19-week period ($32.45175/hr. x 30 hrs./wk. x 19 wks. = $18,497.49).

32. **Thus, Plaintiff is owed $18,497.49 in unpaid wages for work performed during the 19-week period.**

33. **Accordingly, Plaintiff is owed a total of $79,953.52 ($38,610.00 + $22,846.03 + $18,497.49) in unpaid wages for Plaintiff's period of employment with Defendants.**

34. In the days prior to the first week of the year (i.e., the pay period covering January 3, 2016 – January 9, 2016), the smoker at the restaurant broke due to normal use and wear & tear. Defendant HO nevertheless deducted $200.00 per paycheck including up until Plaintiff's last week of work (i.e., the week including March 9, 2016). When Plaintiff asked Defendant HO why $200.00 was being deducted each week from his paycheck, Defendant HO replied that it was in order to pay for a new smoker. Plaintiff never agreed that he was in any way responsible for having to pay for a new smoker (or any other broken equipment for that matter) at any point during his employment (via writing, orally, or otherwise).

35. Accordingly, during these nineteen (19) weeks, Defendants unlawfully deducted $200.00 each and every week from Plaintiff's paycheck, totaling $3,800.00 (19 wks. x $200.00/wk.).

36. **Thus, Plaintiff is owed $3,800.00 due to Defendants' unlawful deductions from his wages. See NYLL § 193.**

37. Furthermore, following the enactment of the Wage Theft Prevention Act, Defendants did not provide Plaintiff with any sort of written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, nor the address and phone number of the employer's main office or principal location.

38. **Because Defendants failed to give Plaintiff proper notice pursuant to the Wage Theft Prevention Act throughout the entirety of his employment with it, he is entitled to the statutory maximum of $5,000.00 in damages.**

39. Defendants' failure to pay Plaintiff his proper earned wages required by law was willful. Furthermore, Defendants' failure to give Plaintiff proper notice pursuant to the Wage Theft Prevention Act was also willful.

40. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands Liquidated and Punitive Damages.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### OVERTIME

41. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

42. Defendants willfully employed Plaintiff for workweeks longer than forty (40) hours and

8

failed to compensate Plaintiff for his employment in excess of forty (40) hours per week at a rate of at least one-and-one-half times the rate at which he was employed.

43. Defendants failed to pay overtime wages to Plaintiff as required by the FLSA, 29 U.S.C. § 201, *et seq.*, and its implementing regulations.

44. Defendants' failure to pay Plaintiff overtime pay in accordance with the FLSA is a direct violation of the FLSA, specifically 29 U.S.C. § 207.

45. Defendants' failure to pay proper overtime wages for each hour worked over forty (40) per week was willful within the meaning of 29 U.S.C. § 255.

46. Defendants' failure to comply with the FLSA has caused Plaintiff to suffer loss of wages.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW
### OVERTIME

47. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

48. Defendants employed Plaintiff within the meaning of NYLL §§ 2, 190, and 651.

49. Defendants failed to pay Plaintiff a premium for hours worked in excess of forty (40) hours per week, in violation of NYLL § 170.

50. Defendants have violated Plaintiff's rights to overtime pay under Title 12 NYCRR 142-2.2.

51. Defendants' failure to comply with the NYLL overtime requirements has caused Plaintiff to suffer loss of wages and interest thereon.

52. Defendants' failure to pay proper overtime wages is willful.

53. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants his unpaid overtime wages in an amount to be determined at trial, plus an amount equal to

100% of Plaintiff's unpaid overtime wages in the form of liquidated damages, as well as attorneys' fees and costs of the action, including pre- and post- judgment interest, pursuant to NYLL §§ 198 and 663(1).

## AS A THIRD CAUSE OF ACTION
## VIOLATIONS OF THE NEW YORK LABOR LAW
## <u>UNLAWFUL DEDUCTIONS</u>

54. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

55. Defendants willfully took unlawful deductions by deducting money from Plaintiff's paycheck each and every week to pay for a new smoker to be used at the restaurant in order to cook meat, in violation of NYLL § 193.

56. Due to Defendants' violations of the NYLL, Plaintiff are entitled to recover from Defendants the amount deducted, as well as liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## AS A FOURTH CAUSE OF ACTION
## <u>VIOLATIONS OF THE WAGE THEFT PREVENTION ACT</u>

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

58. Defendants failed to give Plaintiff written notice regarding: his regular rate of pay, overtime rate of pay, how he was to be paid, his "regular payday," the official name of the employer and any other names used for business, the address and phone number of the employer's main office or principal location, nor, allowances taken as part of the minimum wage, in violation of NYLL § 195.

59. As this occurred for the entirety of Plaintiff's employment, he is entitled to the maximum amount available under the law.

## JURY DEMAND

60.  Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by the Fair Labor Standards Act and the New York State Labor Law by failing to pay Plaintiff earned wages and overtime wages;

B. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York State Labor Law by unlawfully deducting wages from Plaintiff.

C. Declaring that Defendants engaged in unlawful employment practices prohibited by the New York State Labor Law by failing to give proper notice pursuant to the Wage Theft Prevention Act.

D. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff liquidated damages as a result of Defendants' willful failure to pay wages;

G. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

H. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
       May 25, 2016

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**


By: _____
Casey Wolnowski, Esq.
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, New York 10006
Ph: (212) 248-7431
cwolnowski@tpglaws.com